NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3203

HOWARD FLOCH,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Howard F. Floch, of Clemmons, North Carolina, pro se.

Scott T. Palmer, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3203

HOWARD FLOCH,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in PH-1221-08-0451-W-2.
_____

DECIDED:    October 13, 2009
_____

Before NEWMAN, MAYER, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Howard F. Floch, M.D., appeals the final order of the Merit Systems Protection Board, which denied his petition for review of the initial decision denying his request for corrective action related to being terminated from his position as a physician with the Department of Veterans Affairs ("department"). <u>Floch v. Dep't of Veterans Affairs</u>, No. PH-1221-08-0451-W-2 (April 7, 2009). The board concluded that there was no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation affecting the outcome. <u>Id.</u>; 5 C.F.R. § 1201.115(d). We <u>affirm</u>.

We must affirm the board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

On November 26, 2006, Floch began employment, under a two-year probationary period, as a physician in the Surgical Service of the Veterans Affairs Medical Center in Martinsburg, West Virginia. A three-month provisional review, dated February 21, 2007, found his clinical skills and job performance satisfactory, and his behavior positive. On March 6, 2007, the same supervisor, Edwin Cohen, M.D., who issued the three-month review, notified the Chief of Staff as well as the Head of the Professional Standards Board that issues had arisen concerning Floch's demeanor and professional behavior.

On March 24, 2007, Floch was involved in the intubation of a patient who eventually died. He was relieved from his clinical duties, and the medical center's Risk Manager convened an administrative board of investigation. The department's Inspector General also conducted an investigation into this incident. After conducting interviews, the administrative board of investigation recommended disciplinary action. Upon receipt of the administrative board's report, the acting Chief of Surgery requested that a summary review board be convened to review Floch's performance and evaluate his retention in the department.

Prior to appearing before the summary review board, Floch filed a complaint with the Office of Special Counsel ("Special Counsel") alleging that his termination was retaliatory for complaints he made about the medical center. He also testified that he

believed Cohen's latter, negative, assessment of his performance was in response to Floch refusing to support Cohen with respect to complaints about Cohen's own behavior and work performance.

The summary review board recommended termination of Floch's employment, effective August 24, 2007. His termination was held in abeyance, however, and did not become effective until February 2, 2008. Through a letter dated March 26, 2008, the Special Counsel notified Floch that it had investigated his complaint and declined to take further action. Floch appealed to the board. The administrative judge held a videoconference hearing on November 19 and 20, 2008. The administrative judge denied Floch's request for corrective action, and the board denied his petition for review. This appeal followed.

Floch argues that the administrative judge erred by (1) asking questions of witnesses, (2) allowing two attorneys to simultaneously ask Floch questions during his cross examination, and (3) limiting Floch to three witnesses to attest to his conduct. First, petitioner points to no rule that prevents an administrative judge at the board from questioning witnesses, and, by way of analogy, the Federal Rules of Evidence specifically allow a judge to question witnesses. Fed. R. Evid. 614(b). Second, Floch concedes that being questioned by two attorneys had no prejudicial effect. Third, we find no abuse of discretion by the administrative judge, in an effort to avoid cumulative testimony, in limiting the number of Floch's witnesses.

Floch also argues that the administrative judge relied solely on the administrative board of investigation, and arbitrarily ignored the Inspector General's report. In addition, he alleges that these two concurrent investigations subjected him to double jeopardy.

As an initial matter, double jeopardy is a constitutionally created safeguard for criminal proceedings and has no relevance to Floch's claim. With respect to the administrative judge's relative reliance on the two reports, we find no reversible error. The Inspector General's report specifically states that "[o]ther allegations concerning unprofessional behavior and inappropriate administrative actions were either not substantiated or are being reviewed by medical center managers; therefore, they are not discussed in this report."

Finally, Floch argues that the department treated him differently than a similarly situated employee, Johnston, thus evidencing that his termination was retaliatory. In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of whistleblowing, the court must consider the following factors: (1) the strength of the evidence supporting the personnel action; (2) the existence and strength of any motive to retaliate on the part of the officials who were involved in the decision; and (3) any evidence that similar actions were taken against employees who are not whistleblowers but who are otherwise similarly situated. Carr v. Soc. Sec. Admin., 185 F.3d 1318, 1323 (Fed. Cir. 1999).

The administrative judge determined that Johnston was not similarly situated because different professional boards convened and made different recommendations. We agree. Moreover, based on the administrative judge's findings related to the other two Carr factors, there was substantial evidence to conclude that the medical center would have proposed termination absent Floch's alleged whistleblowing activities. Therefore, there is no reversible error.

We have carefully considered Floch's remaining arguments and find them unpersuasive.